**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OHIO SECURITY INSURANCE COMPANY,

      Plaintiff,

v.

CINDY PARK a/k/a CC's TRADING POST,
JAMES PERALTA and JAMES PERALTA DBA
J&E WELDING AND CONSTRUCTION,

      Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT RELIEF**

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Plaintiff, Ohio Security Insurance Company ("Ohio Security"), by and through its undersigned counsel, Allen Law Firm, LLC, and for its Complaint for Declaratory Judgment Relief against Defendants, Cindy Park a/k/a CC's Trading Post, LLC, James Peralta and James Peralta DBA J&E Welding And Construction (collectively "Defendants"), states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Ohio Security is a foreign insurance company incorporated under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2. Upon information and belief, Defendant Cindy Park is a resident of Catron County, New Mexico.

3. Upon information and belief, Defendant Cindy Park owns and operates CC's Trading Post, LLC, which is located in Quemado, New Mexico.

4. Upon information and belief, Defendant James Peralta is a resident of the village of Los Lunas, Valencia County, New Mexico.

5.      Upon information and belief, at all relevant times to the allegations set forth herein, Defendant James Peralta conducted business as J&E Welding And Construction.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7.      There exists diversity of citizenship between and among the parties, and upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Declaratory relief is authorized and appropriate in this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

9.      An actual controversy exists between the parties regarding the duty to defend and indemnify James Peralta DBA J&E Welding And Construction under a policy of insurance issued by Ohio Security to Defendant James Peralta DBA J&E Welding And Construction as set forth more fully herein.  The controversy is justiciable in character, and the relief requested herein is necessary to declare the parties' contractual rights, duties, and obligations under the policy described herein and applicable law.

10.     Venue is proper pursuant to 28 U.S.C. 1391(a)(2) because the events giving rise to this controversy occurred in the State of New Mexico.

## GENERAL ALLEGATIONS

### A.      Insurance Policy at Issue

11.     Ohio Security issued a policy of insurance to James Peralta d/b/a J & E Welding & Construction under Policy No. BLS (17) 55923011 for the policy period from March 4, 2016, to March 4, 2017 ("Policy").

12.    A true and correct copy of the declarations pages, along with relevant portions of the Policy referenced herein, are attached hereto as **Exhibit A**.

13.    Of relevance, the Policy contains the following provisions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)    The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

        (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period[.]

    ***

3

\*\*\*

**2.**     **Exclusions**

This insurance does not apply to:

a.     Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  […].

\*\*\*

j.     Damage to Property

"Property damage" to:

\*\*\*

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*\*\*

Paragraph (6) of this exclusion does not apply to "property damage" included in the products-completed operations hazard".

\*\*\*

**SECTION V - DEFINITIONS**

\*\*\*

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

17.     "Property damage" means:

    a.     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

    a.     An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b.     Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with out consent.

    ***

22.    "Your work":

    a.     Means:

        (1)    Work or operations performed by you or on your behalf; and

        (2)    Materials, parts or equipment furnished in connection with such work or operations.

    b.     Includes:

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        (2)    The providing of or failure to provide warnings or instructions.

***

Endorsement CG 21 67 12 04 is a Fungi or Bacteria Exclusion, and provides:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.      The following exclusion is added to Paragraph 2.  Exclusions of **Section 1—Coverage A—Bodily Injury and Property Damage Liability**:

      2.      **Exclusions**

      This insurance does not apply to:

      **Fungi or Bacteria**

          a.      "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

          b.      Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effect f, "fungi" or bacteria, by any insured or by any other person or entity.

      This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

\*\*\*

C.      The following definition is added to the Definitions Section:

      "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi.

*See* Exh. A.

**B.      The Underlying State Court Complaint**

14.      Defendant Cindy Park a/k/a CC's Trading Post ("Park") filed a lawsuit in the

Seventh Judicial District Court, Catron County, New Mexico, titled *Cindy Park a/k/a CC's*

*Trading Post v. James Peralta and J & E Welding & Construction,* Cause No. D-728-2017-00004. The Original Complaint was filed on February 24, 2017, and a First Amended Complaint was filed March 1, 2017. *See* First Amended Complaint ("Complaint"), attached hereto as **Exhibit B**.

15.     According to the Complaint, on April 17, 2016, James Peralta DBA J&E Welding And Construction ("Peralta") entered into an oral contract with Park to perform construction work on her residence. *See* Exh. B, ¶ 4.

16.     Peralta began work pursuant to the contract on April 20, 2016. *Id.*, ¶ 7.

17.     Pursuant to the Complaint, Peralta performed "substandard work" on the property and eventually abandoned the project on or about October 20, 2016. *Id.*, ¶¶ 11 and 12.

18.     Park filed a Complaint against Peralta with the New Mexico Construction Industries Division ("CID") on October 20, 2016. *Id.,* ¶ 13.

19.     The lawsuit seeks relief for Breach of Contract (Count I) for Peralta's alleged failure to pull required permits for the work, to perform the work in accordance with applicable codes and standards in the industry, to compact the soil, to have soil compaction tests performed, and to install proper footings. *Id.*, ¶¶ 21 through 36.

20.     Park alleges that Peralta's breach of the contract was intentional, willful and malicious and asserts that as a result, "the constructed work began to fall apart due to settling caused by defendant[']s failure to properly compact the soil." *Id.*, ¶¶ 31 and 32.

21.     The Complaint asserts a claim for fraud (Count II) against Peralta claiming that he willfully, deliberately and maliciously intended to "do substandard work and cut corners." *Id.* ¶¶ 37 through 45.

22.     The Complaint asserts that Peralta also breached the covenant of good faith and fair dealing (Count III) by "not pulling any permits, performing shoddy work […], destroying [Park]'s residence and buildings, and abandoning the project." *Id.*, ¶¶ 46 through 49.

23.     As a result of Peralta's breach of the covenant of good faith and fair dealing, Park alleges her "residence and buildings pose unsafe imminent danger to occupants and will need to be demolished." *Id.,* ¶ 50.

24.     The Complaint further asserts a claim for conversion (Count IV) alleging Peralta converted money she paid to him by the "wrongful acts of cutting corners, building less than what the contract called for, failing to build in accordance with the uniform building code, failing to complete work contracted for, [and] damaging her existing buildings so they are an imminent danger to occupancy [sic] and in need of demolition." *Id.,* ¶ 55.

25.      Park also asserts a claim for negligence (Count V) alleging Peralta negligently performed substandard construction work that "caused the constructed work to be an imminent health hazard." *Id.,* ¶¶ 57 through 60.

26.     The Complaint asserts that Peralta violated the Unfair Practices Act (Count VI) by taking advantage of Park's lack of capacity and/or ability to oversee and question his work and services and by performing "substandard work in a malicious manner for financial gain." *Id.*, ¶¶ 62 through 66.

27.     Upon information and belief, Park has recently alleged damages as a result of exposure to mold caused by Peralta's acts and/or omissions.

28.     Park seeks the following damages:

      a.     general damages in the amount she paid defendant to perform the work;

      b.     compensatory damages in an amount sufficient to tear down her residence and other buildings;

      c.      special damages in an amount sufficient to replace her residence and other buildings;

      d.      exemplary damages;

      e.      attorney's fees and costs; and

      f.      treble damages under § 57-12-10 for unconscionable trade practices.

**D.**      **Demand**

29.      Peralta provided notice to Ohio Security of the lawsuit filed by Cindy Parks.

30.      Ohio Security is currently defending Peralta against Park's claims pursuant to a reservation of rights.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

31.      Ohio Security incorporates, by reference, the allegations set forth in paragraphs 1 through 30 of its Complaint as if fully set forth herein.

32.      The rights, status, obligations and other legal relations of Ohio Security and Defendants are in dispute and are affected by the terms and conditions of the Policy at issue and New Mexico case law.

33.      Specifically, a controversy has arisen as to whether Peralta is entitled to defense and indemnification under the Policy issued by Ohio Security.

34.      Peralta is not entitled to a defense or indemnity for Park's complaint filed with the New Mexico Construction Industries Division, because it is not a "suit" to which the Policy applies and the allegations against Peralta asserted therein do not arise out of an "occurrence" resulting in either "bodily injury" or "property damage" as those terms are defined in the Ohio Security policy.

35.     The Complaint filed by Parks in the Seventh Judicial District Court of New Mexico seeks compensatory, general, special, and exemplary damages, costs and attorneys' fees and treble damages under § 57-12-10.

36.     The claims asserted against Peralta in the state court complaint do not arise out of an "occurrence" resulting in either "bodily injury" or "property damage" as those terms are defined in the Ohio Security policy.

37.     The alleged substandard work performed by Defendant Peralta does not constitute "property damage".

38.     Any claims for "property damage" would be excluded by the "expected or intended injury" exclusion.

39.     The claims are excluded by the "damage to property" exclusion, specifically subsections (5) and (6) applicable to "property damage" arising out of Peralta's operations and/or property that must be restored, repaired or replaced because Peralta's work was incorrectly performed on it.

40.     Damages as a result of exposure to mold or fungi are excluded by the Fungi or Bacteria Exclusion, contained in Endorsement CG 21 67 12 04.

41.     Pursuant to 28 U.S.C. § 2201 *et seq*. and Fed. R. Civ. P. 57, Ohio Security is entitled to a declaratory judgment from this Court as follows:

> (A)     Judgment be entered declaring the rights and obligations of each of the parties with regard to the disputes raised herein;
>
> (B)     That it enter judgment declaring there is no coverage under the Ohio Security policy for the claims asserted against Peralta by Parks in the Construction Industries Division complaint;
>
> (C)     That it enter judgment declaring Ohio Security has no duty to defend Peralta for the claims asserted against him in the Construction Industries Division complaint filed by Parks;

(D)     That it enter judgment declaring there is no duty to indemnify Peralta for any fines, penalties or awards against him in the Construction Industries Division complaint;

(E)     That it enter judgement declaring there is no coverage under the Ohio Security policy for the claims asserted against Peralta by Parks in the lawsuit filed in the Seventh Judicial District Court of New Mexico;

(F)     That it enter judgment declaring there is no duty to defend Peralta in the lawsuit filed against him by Park; and

(G)     That it enter judgment declaring that there is no duty to indemnify Peralta for the damages alleged in the Park lawsuit;

WHEREFORE, Plaintiff Ohio Security Insurance Company respectfully requests the Court enter a declaratory judgment against Defendants declaring the following:

(1)     Judgment be entered declaring the rights and obligations of each of the parties with regard to the disputes raised herein;

(2)     That it enter judgment that there is no coverage under the policy issued by Ohio Security for the claims asserted in the Park Complaint;

(3)     That it enter judgment declaring there is no duty to defend Peralta in the lawsuit;

(4)     Costs and attorneys' fees and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**


/s/ Meena H. Allen
MEENA H. ALLEN
KERRI L. ALLENSWORTH
*Attorneys for Ohio Security Insurance Company*
6121 Indian School Road NE., N.E., Suite 230
Albuquerque, NM 87110
(505) 298-9400